R. F. MILFORD, PLAINTIFF IN ERROR, v. FRED LA RUE, DEFENDANT IN ERROR.

Action on Promissory Note: DEFENSE. Where, in an action on certain promissory notes the maker, as a defense, alleges false representations of the payee by which he was deceived and sustained damages, *Held*, That if the evidence fails to establish false representations technical objections based thereon will not be considered.

ERROR to the district court for Valley county. Tried below before TIFFANY, J.

*E. M. Coffin* and *Harwood, Ames & Kelly*, for plaintiff in error.

*A. M. Robbins* and *H. Westover*, for defendant in error.

MAXWELL, J.

In November, 1880, the plaintiff herein executed three promissory notes, each for the sum of $300, and delivered the same to the defendant. In June, 1881, the plaintiff paid $100 on one of said notes. This action is brought to recover the balance due. As a defense to the action the plaintiff herein alleged in his answer " that the consideration of the said notes is the purchase price of a one-half interest in a certain water-power grist and flouring mill

situated on the ——— ——— in Valley county, Nebraska, purchased by the defendant from the plaintiff. That on or about the 1st day of May, 1880, the plaintiff and one Ridell were the owners of the said mill as partners, and that on or about the said day, the defendant purchased the interest of the said Ridell in the said mill, and that the plaintiff made the sale of the said interest to the defendant and for and on behalf of said Ridell; that the plaintiff represented to the defendant that the plaintiff was a mill-wright of long experience, and was well acquainted with the proper methods of construction and mechanism of water-power grist and flouring mills, and that the plaintiff had personally superintended and performed the work of constructing the said mill, and that the same was built and constructed in a safe, strong, and workmanlike manner; and that the plaintiff further represented that the foundation of the flume under the west end of the said mill was properly laid and protected from the ingress of water from the mill-race above the flume, and that for such protection he, the plaintiff, had constructed a plank wing extending from the corner of the flume eleven or twelve feet into the bank of earth at the north-west corner of the mill and reaching downward to the bottom of the flume, and that the east side of the apron leading into the flume was protected by a plank wall reaching down to a point level with the bottom of the flume, and that to keep the water from working through behind the said wall brush and earth were pounded in between the wall and the bank, and that the same was perfectly secure.

Defendant avers that he was wholly unacquainted with the proper method of construction and mechanism of water-power grist and flour mills, and that said representations were false, and plaintiff well knew them to be false, and the same were made willfully with intent to defraud the defendant and to induce the defendant to purchase the said Ridell's interest in said mills, and that the defendant relied

upon the said statements and representations of the plain-
tiff with reference to the construction of said mill as being
true, and was induced thereby to purchase the interest afore-
said in said mill; and furthermore that the substructure of
the said mill and the part whereof the said special repre-
sentations were made was so covered with earth that the
defendant could not determine for himself the truth or fal-
sity of the plaintiff's representations without great labor
and expense in removing the earth from about the founda-
tion of the mill, and that the defendant examined the same
so far as he was able to do. That on or about the 1st day of
Nov., 1880, the defendant purchased the plaintiff's interest
in said mill, and at the time of said purchase of defendant
the representations set out in paragraph three of the an-
swer were made and repeated at this time as well as at
times previous, and that the said defendant relied on the
representations made by the plaintiff as being true, and then
after the said mill or trial of the same was found to be de-
fective in its construction and not constructed as plaintiff
represented it to be, and that the plank wing which the
plaintiff represented as reaching downward to the bottom
of the flume did not reach below the first floor of the flume,
and there was nothing but earth behind the plank wall or
on the east side of the apron to prevent the water forcing
its way between the wall and the bank," etc.

It appears from the evidence that in the spring of 1880 La
Rue and one Ridell were erecting the mill in question at Ord;
that the plaintiff in error went to the mill to see Ridell to
purchase his interest; Ridell not being present the plaintiff
inquired of La Rue in regard to the mill, and afterwards pur-
chased Ridell's interest therein. At that time the building
was not entirely enclosed, the race had been dug and partly
planked but none of the machinery was purchased or in
place. After about six months from the time the plaintiff
in error purchased Ridell's interest in the mill he bought
the interest of La Rue therein for the sum of $1,200, pay-

ing $300 cash in hand and giving the notes in suit for the residue.  The plaintiff had been present at the mill from the time he purchased Ridell's interest therein and knew, or could have known with reasonable observation, the exact condition of the flume and every matter relating to the mill.

During very high water in the spring of 1881 the water washed around the flume, and compelled the plaintiff in error to expend a considerable sum in repairing the same. There is also a claim for damages for the stoppage of the mill while the flume was being repaired.  These charges are set up as a counter-claim against the notes.  On the trial of the cause in the court below the jury returned a verdict in favor of the defendant in error for the full amount of the notes and interest.  It is sought to reverse the judgment upon a number of technical objections that in our view need not be considered, as the circumstances of the case show that there were no false representations by which the plaintiff in error was deceived.  The testimony shows that LaRue had nothing to do with the sale of Ridell's interest in the mill to the plaintiff in error.  That after the purchase of that interest the plaintiff and defendant together, as joint owners, continued to work on the mill; that in November, 1880, the plaintiff in error purchased the defendant's half interest, with notice of all the facts relating to the construction of the mill.  Some months afterwards, apparently from various causes, the flume washed out.  This certainly was unfortunate, but the proof fails to show that the defendant in error was to blame for it, and he is not liable for the loss.  It would subserve no good purpose to review the testimony at length. It is apparent that justice has been done, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.